# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 13 |
|     Damen Collins, | : |
|               Debtor. | : Bankruptcy No. 16-10931-MDC |

# **O R D E R**

**AND NOW**, Timothy Zearfoss, Esq. (the "Applicant"), counsel to Damen Collins (the "Debtor"), filed the Application for Compensation of Attorney's Fees (the "Application"[1]) in which the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $0.00.

**AND**, the Applicant was paid $700.00 by the Debtor prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, the Applicant certified that proper service has been made on all interested parties.

**AND**, the Applicant has filed a certification of no response.

**AND**, the Court of Appeals held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals has instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief." *Lindy Bros. Builders, Inc. v. American Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976).

---

[1] Bankr. Docket No. 23.

**AND**, this case involves the representation of a below-median debtor, *see generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form 22C (requiring less financial disclosure from below-median debtors).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court is authorized to allow counsel fees in chapter 13 cases involving below-median debtors of $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant elected to file the Application pursuant to L.B.R. 2016-2(a)(1), despite requesting compensation that exceeds the amount the court is authorized to allow in chapter 13 cases involving below-median debtors.

**AND**, the Applicant failed to file the Application in a form consistent with L.B.R. 2016-3.

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** AND **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§330, 331 & 503(b).

Dated: February 14, 2017

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Timothy Zearfoss, Esquire
Law Office of Timothy Zearfoss
143-145 Long Lane
Upper Darby, PA 19082

2

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107